IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REARDEN LLC, | No. C06-07367 MJJ |
| Plaintiff, | **ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND** |
| v. | |
| REARDEN COMMERCE INC, | |
| Defendant. | |

## INTRODUCTION

Before the Court is Rearden LLC, Rearden Productions, LLC, Rearden Studios, LLC, and Rearden Properties, LLC's ("Plaintiffs" or "LLC") Motion for Leave to File First Amended Complaint. Defendant Rearden Commerce ("Defendant" or "Commerce") opposes the motion

For the following reasons, the Court **GRANTS** in part and **DENIES** in part the motion.

## FACTUAL BACKGROUND

On November 30, 2006, Plaintiffs filed their complaint against Defendant, alleging false designation of origin, state common law trademark infringement, unfair competition under Cal Bus. and Prof. Code §§ 17200 *et seq.*, and false advertising under §§ 17500 *et seq.* On January 3, 2007, Defendant filed an answer to the complaint. On May 27, 2007, Plaintiffs moved to amend their complaint.

## LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend a

pleading once as a matter of course before a responsive pleading is served and that after that the party may amend the pleading only by leave of court or by written consent of the adverse party. Additionally, Rule 15(a) instructs the Court that, "leave shall be freely granted when justice so requires." The Supreme Court has made it clear that courts are to carefully heed this mandate. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Moreover, "[t]his liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). In determining whether to grant leave to amend, the Court considers the following factors: (1) whether the movant unduly delayed in bringing the motion, (2) evidence of bad faith or dilatory motive on the part of the movant; (3) the movant's repeated failure to cure deficiencies by previous amendments; (4) prejudice to the opposing party; and (5) futility of amendment. *Id.* Generally, the court engages in this analysis with all inferences in favor of granting the motion. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). While each of these factors is relevant to determining the propriety of leave to amend, the crucial factor is the resulting prejudice to the opposing party. *Howey v. Radio Corp. of Am.*, 481 F.2d 1187, 1190 (9th Cir. 1973). "Absent prejudice, or a strong showing of any of the remaining factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Thus, if the party opposing the motion fails to establish any of these factors, "the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182.

## ANALYSIS

Plaintiffs' proposed amended complaint includes new claims for corporate name infringement, cybersquatting, dilution and conversion.[1] Defendant urges the Court to deny the request for leave to amend because amendment would be futile because "none of the . . . proposed claims can survive." (Def.'s Opp. to Pls.' Mot. for Leave to File First Amend. Cmpl., p. 3.) When determining whether to grant leave to amend, a court should deny the request "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). The Court will

---

[1] At hearing on their motion, Plaintiffs agreed to withdraw their claim for conversion.

2

analyze Plaintiffs' claims under this standard one at a time.

### A. Corporate Name Infringement

Plaintiffs' Amended Complaint includes a claim for corporate name infringement. Defendant points out that Plaintiffs fail to cite authority that supports the existence such a cause of action under California common law. Plaintiffs direct the Court's attention to a California Supreme Court case that allows a court to equitably restrain "an unfair use of a corporate name by others." *Academy of Motion Picture Arts & Sciences v. Benson*, 15 Cal. 2d 685, 691 (1940). The California Supreme Court then writes that "a similarity which would be likely to deceive or mislead an ordinary unsuspecting customer is obnoxious to the law." *Id.* (quoting *Celluloid Mfg. Co. v. Cellonite Mfg. Co.*, 32 Fed. 94, 97 (C.C.N.J. 1887)).

Plaintiffs' Amended complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief" for corporate name infringement. Fed. R. Civ. P. 8(a). In *Academy of Motion Picture Arts & Sciences*, the California Supreme Court found that state law authorizes such claims in equity to prevent unfair practice. Because it cannot conclude that no set of facts can be proved under the amendment to constitute a claim, Defendant's futility argument fails. The Court **GRANTS** Plaintiffs' request for leave to amend to add a claim for corporate name infringement consistent with *Academy of Motion Picture Arts & Sciences*.

### B. Cybersquatting

The statute prohibiting cyberpiracy creates a cause of action if a mark owner can prove that a defendant (1) has a bad faith intent to profit from that mark and (2) registers, traffics in, or uses a domain name is identical or confusingly similar to that mark. 15 U.S.C. § 1125(d)(1)(a). Plaintiffs alleges that Defendant registered "a wider range of shortened domain names, including ones that *exactly* matched [Plaintiffs'] registered 'Rearden, Inc.' name along with others that were shortened versions of Rearden's trade name 'Rearden Companies.'" Pl.s First Amend. Cmpl., at ¶ 52. Plaintiffs allege that Plaintiffs' CEO discussed with the Defendant's CEO the importance to Rearden LLC of the Rearden name to Plaintiffs. *Id.* at ¶ 59. Afterwards, according to Plaintiffs' amended complaint, Defendant registered the domain names "ReardenLLC.com" and "ReardenLLC.net," and configuring them to direct internet traffic to Defendant's main website. *Id.* at ¶ 60. In addition,

3

1 Plaintiffs allege that actual confusion occurred when a customer tried to contact Defendant's CEO
2 using the @rearden.com email extension instead of @reardencommerce.com. *Id.* at ¶ 98.

3 Defendant insists that its registration of domain names was in good faith, claiming that the
4 domain names it registered are common variations, that they have used such names for years, and
5 that they did not intend to divert business from Plaintiffs. Def.'s Opp. to Pls.' Mot. for Leave to File
6 First Amend. Cmpl., p. 12-17. Defendant also claims that it has not attempted to use the domain
7 names as leverage or to profit from them, and that its registration was open and public. *Id.* at 18-19.
8 If Defendant proves that it "believed and had reasonable grounds to believe that the use of the
9 domain name was a fair use or otherwise lawful," Plaintiffs' claim will fail. 15 U.S.C. § 1125(d).
10 However, this issue is not before the court; Defendant's defenses or "safe harbor" claims are
11 irrelevant in determining whether Plaintiffss amended complaint alleges sufficient facts to raise a
12 non-futile claim for cybersquatting. Plaintiffs have discharged this burden in its amended complaint.
13 Therefore, the Court **GRANTS** Plaintiffs' request to amend their complaint to add a claim for
14 cyberpiracy.

15 **C.    Dilution**

16 To state a claim for violation of the federal and California anti-dilution statutes, a plaintiff
17 must show that (1) its mark is famous, (2) the defendant is making a commercial use of a mark in
18 commerce, (3) such use began after the plaintiff's mark became famous, and (4) the use erodes the
19 distinctive quality of the plaintiff's mark by diminishing its capacity to identify and distinguish
20 goods and services. *ACI Int'l. Inc. v. Adidas-Salomon AG*, 359 F.Supp.2d 918, 922 (C.D. Cal.,2005).
21 Both the federal and California statues "protect only famous marks." *Avery Dennison Corp. v.*
22 *Sumpton*, 189 F.3d 868, 874 (9th Cir. 1999). Defendant claims that Plaintiffs have "failed to identify
23 the mark" that gives rise to Plaintiffs' claim for dilution. In addition, Defendant argues that "it is a
24 certainty" that Plaintiffs cannot prove the famousness of its mark and that "it is highly unlikely that
25 Plaintiffs would ever be able to prove" the other three elements. Plaintiffs maintain that their
26 amended complaint sufficiently alleges the cause of action.

27 Plaintiffs' Amended Complaint sufficiently identifies its mark to put Defendant on notice of
28 the nature of its claim. It refers to the "REARDEN family of marks and names," "the REARDEN

4

mark and name alone," and "the word 'Rearden' preceding other words." (Pl.s First Amend. Cmpl., ¶ 8.) Plaintiffs allege that the mark is famous, alleging that "Rearden LLC . . . is a famous incubator," that "Rearden LLC has established exclusive use of REARDEN as a famous name within the technology industry," and that "REARDEN was a famous name and mark effectively exclusively referring to Rearden within the technology industry." (Pl.s First Amend. Cmpl., at ¶ 6, 13, 15.) Plaintiffs allege that Defendant is making commercial use of its mark in commerce. (*See* Pl.s First Amend. Cmpl., at ¶¶ 25 (Defendant's "stylized name . . . improperly puts the emphasis on the word 'Rearden); 30 ("Defendant's use of the REARDEN mark and trade name is and continues to be without permission or authorization of Rearden"); 33 (Rearden . . . alleges that the stylized REARDEN COMMERCE mark . . . improperly emphasizes the word 'Rearden'); and 122 (Rearden has never consented to RC's use of the REARDEN mark and name). Plaintiffs allege that its mark was famous before defendant began using it. (*See* Pl.s First Amend. Cmpl., at ¶¶ 6 ("Since 1999, [Plaintiff] . . . is a famous incubator) and 23 ("January 2005 . . . was the first time defendant used the REARDEN name). Finally, Plaintiffs allege that Defendant's use erodes the distinctive quality of the plaintiffs' mark by diminishing its capacity to identify and distinguish goods and services. (Pl.s First Amend. Cmpl., at ¶¶ 90 ([American Express] has and continues to refer to [Defendant] as Rearden alone.); 93 (an [American Express] executive states in response to confusion over [Defendant's] name and its proper email domain, 'All rearden email addresses are @reardencommerce.'") and 96 (QubicaAMF associates the REARDEN name with [Defendant], and now associates the poor quality goods and services they have received from [Defendant] with the REARDEN name.")

Defendant protests that "the rearden mark cannot meet the extraordinarily high standard" of famousness that a dilution claim requires. Defendant's arguments go to the merits of the case. On the record before it, the Court cannot resolve the factual disputes between the parties concerning any of the elements of the cause of action for dilution. The Court considers these issues – which go to the merits of Plaintiffs' proposed amended complaint – more amenable to resolution in a Rule 12 or Rule 56 context. The Court **GRANTS** Plaintiffs' request for leave to amend its complaint to add a claim for dilution.

5

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' request for leave to amend to add a claims for corporate name infringement, cybersquatting, and dilution.

**IT IS SO ORDERED.**

Dated:   7/31/2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE