UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

REARDEN LLC, et al.,

   Plaintiff(s),

vs.

REARDEN COMMERCE, INC.,

   Defendant(s).

No. C06-7367   MHP

**ORDER RE BRIEFING ON SUMMARY JUDGMENT**

  The court has reviewed the briefing that has been submitted thus far in connection with motions for summary judgment in the above matter and finds that the efforts are problematic. First of all, there is a failure to adhere to the Civil Local Rules with respect to sealing such that the motion papers themselves are replete with the redaction of matters which, upon inspection of the unredacted documents, are neither trade secrets nor privileged.

  The parties are reminded that this is a public forum. Sealing is the exception and sealing must comply with the requirements of Civil Local Rule 79-5. A declaration must accompany the submissions setting forth the reason for the redactions and the reasons must come within those provided for in the Rule. A review of nearly all of the redactions shows that they do not meet the requirements of the Rule. The fact that a party would like to keep something secret is not a reason for secrecy. The redactions must be of material that is a protectable trade secret or privileged or "otherwise entitled to protection under the law". The redactions the court has reviewed are of material that do not fall within these categories and "[a] stipulation, or a blanket protective order that

allows a party to designate documents as sealable, will not suffice to allow the filing of documents under seal." Id. subpara.(a).

Defendant also has filed a memorandum of points and authorities that is double the page limit permitted by Civil Local Rule 7-2. The court is aware that shortly before the filing plaintiff requested leave to file an excess page memorandum and that counsel may have been close to the deadline. However, having not received leave, counsel should have file a memorandum that complies with the 25-page limit. Having reviewed the memorandum it is clear to the court that defendant can say what needs to be said within that limit. This is not a monumental case or an unusual one that requires extraordinary measures. The plethora of filings related to the production of this motion--administrative motions to file under seal, other administrative motions to correct the earlier ones related to mistaken redactions, motions for leave to file excess-page memoranda etc.-- create unnecessary work for counsel and the court.

Therefore, as to the memoranda and supporting documents filed, defendant shall refile documents that comply with the Local Civil Rules as discussed above. Any application to seal documents shall be accompanied by a declaration spelling out the specific reasons for the redactions, which shall be at a minimum, and newly redacted documents complying with the above instructions shall be filed. Furthermore, defendant shall refile its memorandum not to exceed 25 pages and shall not use unnecessary footnotes, reduced font or margins to accomplish this.

If additional time is required to file, respond and reply the parties shall contact the Courtroom Deputy for rescheduling. All filings shall comply with the District's Civil Rules and with the above order.

IT IS SO ORDERED.

Date: June 5, 2008

MARILYN HALL PATEL
United States District Court Judge
Northern District of California