United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REARDEN LLC, et al., | No. C 06-07367 MHP |
| Plaintiffs, | |
| v. | **MEMORANDUM & ORDER** |
| REARDEN COMMERCE, INC., | **Re: Plaintiff's Motion for Leave to Seek Reconsideration of Grant of Summary Judgment** |
| Defendant. | |

On January 27, 2009, the court entered an order that granted a summary judgment motion filed by defendant Rearden Commerce, Inc., and denied a summary judgment motion filed by plaintiffs Rearden LLC, et al. See Docket No. 235 (Amended Order). On February 9, 2009, plaintiffs requested leave to seek reconsideration of that order. Plaintiffs attempt to "specifically show . . . manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before [the Court issued an] interlocutory order" and thus meet the requirements of Civil Local Rule 7-9(b)(3). Plaintiffs advance four arguments.

Plaintiffs contend that the court erroneously failed to consider *non*-consumer confusion, relying in particular upon Au-Tomotive Gold, Inc. v. Volkswagen of Am., Inc., 457 F.3d 1062, 1078 n.11 (9th Cir. 2006). See Docket No. 243 (Mot.) at 2 & 4. That case does not license courts to base their infringement analysis upon the sorts of non-consumer confusion relied upon by plaintiffs, e.g., confusion of investors, partners, acquirers and potential employees. It merely restates the uncontroversial rule of law that *post*-consumer confusion (e.g., confusion arising when a potential consumer sees an item of clothing on the street) can establish likelihood of confusion under the

1  Lanham Act. Id. at 1077-1078. Neither in their briefing nor at oral argument did plaintiffs present a
2  viable theory of post-consumer confusion. The irrelevance of Au-Tomotive is highlighted by the
3  fact that plaintiffs did not bother to cite it in their moving papers. See Docket No. 127 (Pf.'s MSJ) at
4  iii; Docket No. 202 (Pf.'s Reply) at ii; Docket No. 174 (Pf.'s Opp. to Def.'s MSJ) at iii.

5  Second, plaintiffs read Thane Int'l, Inc. v. Trek Bicycle Corp.,(9th Cir. 2002), as holding that
6  "the correct question in this Circuit is whether a reasonable person might assume that Rearden
7  Commerce or its technology was incubated or sponsored by, or otherwise associated or affiliated
8  with, Rearden." Mot. at 2, see also 5-7. The Thane court did not reverse the lower court's grant of
9  summary judgment simply because some reasonable person could think the two parties were
10 affiliated; rather, the court found that in that case a reasonable jury could find that there was a
11 likelihood of consumer or post-consumer confusion. Id. at 903. As with Au-Tomotive, plaintiffs
12 failed to cite Thane until the instant motion. See Pf.'s MSJ at iv; Pf.'s Reply at iii; Pf.'s Opp. to
13 Def.'s MSJ at vi.

14 It is also argued that the court erred by granting defendant's motion for summary judgment
15 without any consideration of the Rule 56(f) declaration plaintiffs filed with their opposition brief.
16 See Docket No. 174 (Yurasek Rule 56(f) Dec.). Plaintiffs filed their sixteen-page Rule 56(f)
17 declaration along with 947 other pages of declarations and exhibits. See Docket No. 175 (Yurasek
18 Opp. Dec.) (including 102 separate exhibits) & Docket No. 176 (Perlman Opp. Dec.) (including 85
19 separate exhibits). The fact that the court did not specifically mention a particular declaration or
20 exhibit in its order does not mean it was not considered.

21 In their opposition brief, plaintiffs did not explain the significance of the Rule 56(f)
22 declaration to plaintiffs' ability to oppose summary judgment. Plaintiffs' sole reference to the
23 declaration in their brief was included in a footnote asserting that defendant had generally failed to
24 meet its discovery obligations. See Pf.'s Opp. to Def.'s MSJ at 21 n.18; see also Docket No. 244
25 (Levine Dec.), Exh. 10 (excerpt from March 27, 2008, hearing transcript in which court instructs
26 plaintiffs' counsel to explain discovery needed in context of opposition brief). The declaration itself
27 was another litany of hyperbolic accusations and petty grievances. While charging defendant with
28

2

every possible form of discovery abuse, the declaration failed to demonstrate prejudice to plaintiffs. The declaration specifically focused on defendant's purported failure to comply with discovery requests that plaintiffs postulated would bring to light incidents of actual consumer or post-consumer confusion. Plaintiffs had over a year and a half between the time they chose to file their complaint and the time that they filed their opposition to conduct and produce scientifically valid surveys of their purported consumers or produce other evidence of consumer confusion. Plaintiffs' heavy reliance upon supposedly relevant discovery from defendant merely highlighted plaintiffs' own failure to produce evidence relevant to actual confusion. Unlike Garrett v. City and County of San Francisco, 818 F.2d 1515, 1519 (9th Cir. 1987), in which a Title VII claimant requested specific documents that only the city possessed, information about consumer confusion is not in the "sole possession of the opposing party." Id. (citation omitted). In ruling upon the motions, the declaration was considered and discounted, as plaintiffs did not show that further discovery would produce anything meaningful.

Finally, plaintiffs are correct that the court's order misstated the applicable standard for infringement in one phrase that referred to "a *strong* likelihood of confusion." Amended Order at 20 (emphasis added). Yet the order set forth the correct standard at the outset of the Sleekcraft analysis, see id. at 10, and the court used such standard throughout its analysis and decision-making. As the court's analysis demonstrates, no reasonable jury could find that defendant's use of "Rearden" creates a likelihood of confusion.

In summary, plaintiffs have failed to show a manifest failure that would entitle them to leave to file a motion for reconsideration pursuant to Civil Local Rule 7-9. Plaintiffs' motion is therefore DENIED.

IT IS SO ORDERED.

Dated: February 25, 2009

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

3